CHRISTIE et al. v. GUARANTY TRUST CO. OF NEW YORK et al. (Circuit Court of Appeals, Fifth Circuit. March 19, 1901.) No. 979. Appeal from the Circuit Court of the United States for the Eastern District of Texas. Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The suit of Guaranty Trust Co. of New York v. Galveston City R. Co., 107 Fed. 311, No. 969 upon the docket of this court, which has just been disposed of by us, sets forth all the facts of the case of which this appeal is a branch. It is not necessary to repeat those facts here, but it is material to the questions presented upon this appeal to make an additional statement. The appellants were interveners in that case in the circuit court, and respectively filed petitions therein propounding claims against the fund in the custody of the court arising from the earnings of the railroad property in the hands of the receiver. The claim of appellant the Central Electric Company was held by the court to be a preferential claim, with an equitable lien superior to that of the mortgage foreclosed in the suit, which ruling was sustained by this court. The claims of appellants George A. Christie and Lovejoy & Sampson were decreed to be preferential liens under and by virtue of the statutes of the state of Texas. The decree of the circuit court on these claims was reversed. No decree was rendered by the circuit court on the claim of the Detroit Electrical Works, and under the rulings of this court it would not be allowed as a preferential claim or claim with a lien of any sort on the earnings of the property in the hands of the receiver. The appellants appeal from the decree of the circuit court allowing the Guaranty Trust Company of New York, trustee and complainant in the foreclosure suit, $5,000 as compensation for itself, and $25,000 as compensation for its solicitors, to be paid out of the earnings of the property in the hands of the receiver, as superior in rank and right to the claims of the appellants. The appellants, excepting the Central Electric Company, are creditors of the railroad company, with claims accruing prior to the receivership, and, having been adjudged to have no lien or preferential claim upon the funds in the custody of the court, they are without interest in the decree from which they have appealed, and their objections thereto should not be considered. The Central Electric Company was adjudged equitably entitled to the payment of its claim out of the surplus earnings of the receivership prior to that of the bondholders; but, inasmuch as its claim is small and it appears that such surplus earnings are largely in excess of the amount necessary to pay such claim, and as the bondholders, who are the only parties substantially interested in the surplus earnings of the property while in the hands of the receiver and in the allowances made out of them to the trustee and its solicitors, do not complain, the objections to such allowances on their merits are not determined or considered by us. Decree affirmed.